IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MICELI** | : | CIVIL ACTION |
| 442 Rathbun Avenue | : | |
| Staten Island, New York | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **NATIONAL RAILROAD PASSENGER** | : | |
| **CORPORATION (AMTRAK)** | : | <u>JURY TRIAL DEMANDED</u> |
| | : | |
| Defendant | : | NO. |

## COMPLAINT

1. The plaintiff herein is Michael Miceli, a citizen and resident of the State of New York, residing therein at 442 Rathbun Avenue, Staten Island, New York.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

1

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a baggage handler.

8. All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

2

11. On or about Thursday, December 26, 2024 at approximately 5:40 a.m., plaintiff was assigned to work as a baggage handler at the defendant's Daniel Moynihan Penn Station in New York City in the area of Track 15.

12. As part of his job duties, plaintiff was required to enter the baggage car on Train Number 89 going from New York City to Savannah, Georgia and he was situated on car number 61065 or car number 61052.

13. While the plaintiff was working in the baggage car, a large overhead metal luggage rack fell onto the plaintiff's head knocking his hardhat off and causing the severe and permanent injuries described below.

14. The subject incident was witnessed by plaintiff's coworker Ronald Munoz and the plaintiff reported the incident to management the same day.

15. As a result of the negligence of the defendant, its agents, servants, workmen and/or employees, including, but not limited to failing to properly inspect, maintain and repair the subject luggage rack; failing to properly train the plaintiff so as to avoid overhead luggage racks that could fall; failing to properly secure the subject baggage rack to the interior body of the railcar; failing to properly inspect the baggage car and its interior components to make sure that all components, including the subject luggage rack, were properly secured; failing to properly warn the plaintiff of the aforesaid dangerous conditions; and the defendant's violation of the FELA and federal regulations and/or statutes regarding railroad cars, luggage cars and their respective components; the plaintiff sustained the serious, painful and permanent injuries more particularly hereinafter set forth.

16. The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees and by the defendant's violation of the Federal Employers' Liability Act as well as federal statutes and/or regulations pertaining to railroad cars, luggage cars and their components and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

17. As a result of the aforesaid incident, plaintiff sustained serious and permanent injuries to his head, neck and low back including, but not limited to, closed head injury, cerebral concussion, sprain and strain of the lumbar and cervical spine, cervical and lumbar radiculopathy, cervical and lumbar disc injury and displacement with multi-level disc bulging and traumatic broad based disc herniation in the lumbar spine at the level of L5-S1. Some or all of the plaintiff's injuries may be permanent in nature and may require epidural steroid injections and possibly surgery and the full extent of the plaintiff's injuries is not presently known.

**WHEREFORE**, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,
**COFFEY KAYE MYERS & OLLEY**

Dated: 6/13/2025

BY: *[signature]*
MICHAEL J. OLLEY, ESQUIRE
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone: 610-668-9800
Fax: 610-667-3352
Attorney for Plaintiff Michael Miceli